OPINION
{¶ 1} Defendant-Appellant, Daryn R. Lucas, appeals from the decision entered by the Auglaize County Common Pleas Court finding him in violation of his community control sanctions, and sentencing him to five years at the Ohio Department of Rehabilitation and Corrections. Lucas asserts that his sentence is contrary to law because the trial court failed to correctly apply the felony sentencing guidelines. Based upon a review of the record, we overrule Lucas' sole assignment of error.
 {¶ 2} In April 2001, Lucas was spending the night at a friend's home when he entered the bedroom of his friend's nine year old sister. He proceeded to have sexual contact with her. Subsequently, he was charged with and pled guilty to one count of gross sexual imposition, a third degree felony.
 {¶ 3} At the original sentencing hearing, the trial court found Lucas to be a sexual predator and sentenced him to five years of community control. One of the sanctions of his community control was that he was required to successfully complete the sex offender program at the Volunteers of America halfway house in Mansfield, Ohio ("VOA"). As part of his participation in VOA, Lucas gained outside employment at Edge plastics. While working for Edge plastics, Lucas was involved in two separate incidents of work-related sexually inappropriate conduct. Eventually, he was fired from his job at Edge Plastics because of this behavior. Lucas committed an additional violation of VOA regulations when he engaged in anal intercourse with his girlfriend in the back seat of his parent's car while they drove him to the hospital for a checkup. These actions violated Lucas' agreement with VOA, and consequently, he was unsuccessfully terminated from the program. At a subsequent hearing, the trial court found that by failing to successfully complete the VOA program, Lucas had violated his community control sentence, and therefore, the court revoked his community control, and imposed a five year sentence of incarceration.
 {¶ 4} Lucas appeals from this decision and presents the following assignment of error for review.
 Assignment of Error Number One
The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Section2929.14 resulting in the Defendant-Appellant receiving a sentence which is contrary to law.
 {¶ 5} In his assignment of error, Lucas claims that the trial court failed to correctly apply the felony sentencing guidelines established in the Ohio Revised Code.
 {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determines a particular sentence.[1] Compliance with the aforementioned sentencing statutes is required.[2]
Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate the particular reasons for making those findings.[3]
 {¶ 7} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law.[4] Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[5]
It requires more evidence then does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt.[6] An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims."[7]
 {¶ 8} A third degree felony, such as was committed in the case at hand, may be punished by a prison term of one, two, three, four, or five years.[8] In deciding whether or not incarceration is an appropriate sentence in third degree felony cases, "the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."[9]
 {¶ 9} Section 2929.11 states that the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. The trial court should be given broad discretion in determining, "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11."[10]
 {¶ 10} Section 2929.12 enumerates a nonexclusive list of seriousness and recidivism factors that sentencing courts must consider. Trial courts should be given significant discretion in applying these and other statutory factors.[11]
 {¶ 11} If a court does elect to impose a prison term, it must impose the shortest term mandated unless, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from futurecrime by the offender."[12] A court is allowed to impose the maximum prison term authorized only if they make one of several findings, one of which is the finding that the offender poses the greatest likelihood of committing future crimes.[13]
 {¶ 12} In State v. Edmonson,[14] the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The Court indicated that "finds on the record" merely means that a trial court must specify which statutorily sanctioned grounds it has relied upon in deciding to impose a particular sentence.[15] When a statute further requires the trial court to provide its reasons for imposing a sentence, as it must before imposing a maximum term, the court must make the applicable findings and then provide a factual explanation setting forth the basis for those findings.[16]
 {¶ 13} In the present case, the trial court reviewed the record, testimony, Lucas' actions, the victim impact statement, and the surrounding circumstances, and determined that incarceration of Lucas was required as, "a matter of protection of the public from future conduct by this offender." In deciding that Lucas was a danger to the public, the court specifically considered his gross sexual imposition upon a nine year old child, his continued sexually oriented misconduct, his self admitted unexplained and uncontrollable sexual urges, his lying and sneaking around in order to engage in intercourse, and the lack of a more comprehensive treatment facility. The court also reviewed the victim impact statement, and found that the victim had suffered serious psychological harm. Weighing all of the above, the court found that incarceration was necessary to protect the public from future crime.
 {¶ 14} In deciding to sentence Lucas to the maximum term, the court found that he "poses the greatest risk of recidivism, the greatest risk of reoffending." In making this finding, the court cited Lucas' inability to respond affirmatively to treatment, his repeated failure to conform to any rules or regulations, and his continued sexual misconduct.
 {¶ 15} Having reviewed the entirety of the record herein, we find that the trial court properly complied with the sentencing provisions set forth in R.C. 2929.14 in imposing the maximum available sentence for the third degree felony of gross sexual imposition. We cannot find that the record does not clearly and convincingly support that the trial court's findings. And, the sentence imposed is not otherwise contrary to law. Accordingly, Lucas' assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[2] Id.
[3] State v. Comer, 99 Ohio St.3d 463; 2003-Ohio-4165, at ¶ 26.
[4] R.C. 2953.08(G); see also, Martin, 136 Ohio App.3d at 361.
[5] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[6] Id.
[7] State v. Jones (2001), 93 Ohio St.3d 391, 400.
[8] R.C. 2929.14(A)(3).
[9] R.C. 2929.13(C).
[10] R.C. 2929.12(A); State v. Fyffe (Oct. 5, 2001), Auglaize App. No. 2-01-16; State v. Avery (1998), 126 Ohio App.3d 36, 50-51.
[11] State v. Yirga, 2002-Ohio-2832, at ¶ 12, citing State v.Arnett (2000), 88 Ohio St.3d 208, 215, citing State v. Fox (1994),69 Ohio St.3d 183, 193, State v. Mills (1992), 62 Ohio St.3d 357,376.
[12] R.C. 2929.14(B)(2) (emphasis added).
[13] R.C. 2929.14(C).
[14] State v. Edmonson (1999), 86 Ohio St.3d 324.
[15] Id. at 326.
[16] Id, see also, Jones, 93 Ohio St.3d at 399.